```
                   UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

ROGER MELVIN,                    :
                                 : No. 1:05-CV-00755
    Petitioner,              : No. 1:01-CR-00082
                                 :
                                 :
  v.                            : **OPINION AND ORDER**
                                 :
                                 :
UNITED STATES OF AMERICA,        :
                                 :
    Respondent.              :
                                 :


       This matter is before the Court on the Petitioner's Motion to Modify, Reduce or Correct His Sentence (doc. 26), the United States' Response in Opposition (doc. 28), and Petitioner's Reply (doc. 31).  For the reasons indicated herein, the Court DENIES Petitioner's motion.

       On November 28, 2001, the Grand Jury charged Petitioner in a three-count indictment, each count charging him with distribution of cocaine base in excess of 5 grams on different occasions (doc. 10).  Petitioner subsequently entered a negotiated plea to Count Two of the Indictment (doc. 28).  On April 18, 2002, the Court determined that Petitioner's sentencing range was between 121 and 151 months, and sentenced Petitioner to 121 months (Id.).  Petitioner did not request a direct appeal (Id.).

       Petitioner filed the present motion on November 11, 2005, requesting that the Court reconsider his 121-month sentence (doc. 26).  Petitioner contends the Court incorrectly applied the

sentencing guidelines in determining his sentence and violated his rights under the Fifth and Sixth Amendments (doc. 26).  Petitioner argues he was denied due process rights guaranteed by the Fifth Amendment and denied the right to a jury determination of every element of the crime with which he was charged, in violation of the Sixth Amendment (Id.).

Petitioner argues the indictment charged him with possession with intent to distribute five grams of cocaine base (Id.).  As such, he claims his guilty plea was not to Title 28 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), which requires an excess of five grams (Id.).  Instead, Petitioner contends he was charged under and plead guilty to § 841(b)(1)(C), which carries a lower base level and sentencing range (Id.).  Because in his view the higher amount of cocaine base was not charged in the indictment, he argues it cannot be used for the purposes of sentencing (Id.). Secondly, Petitioner argues that he was deprived of the Sixth Amendment right to a jury determination of all sentence enhancements under United States v. Booker, 125 U.S. 220 (2005) (Id.).

The United States filed its Response on December 13, 2005, arguing that 1) Petitioner's motion is untimely because it was filed more than one year after the Petitioner's conviction became final, 2) that Petitioner procedurally defaulted his claims by not pursuing a direct appeal, 3) that sentencing enhancements

2

found by the Court do not violate the Fifth Amendment, and that, under Humphress v. United States, 398 F.3d 855, 859 (2005), Booker is not to be applied retroactively to cases on collateral review (doc. 26).

In response to the Government, Petitioner argues that he timely filed his Motion to Vacate (doc. 31). Citing Dodd v. United States, 545 U.S. 353 (2005), Petitioner contends he could file his motion within one year of the Booker decision, as it pronounced a newly recognized right made retroactively applicable to cases on collateral review (Id.).

Having reviewed this matter, the Court finds the government's position well taken. First, Petitioner mischaracterizes the charge in the indictment against him and his plea of guilty to such charge. The record clearly shows he was specifically charged with distribution of cocaine in excess of five grams, in violation of 28 U.S.C. §§ 841(a)(1) and(b)(1)(B)(iii). Petitioner never appealed his sentence. "A habeas petition is not a substitute for a direct appeal and thus a defendant cannot use it to circumvent the direct appeal process. Thus, when claims are not presented during direct appeal, they may not be raised in a habeas petition unless the petitioner establishes cause and prejudice, or actual innocence." Goldsby v. United States, 152 Fed. Appx. 431, 438 (6th Cir. 2005)(citing Regalado v. United States, 334 F.3d 520, 523-24 (6th Cir. 2003)(internal citations omitted). Here,

3

Petitioner has not even made the threshold showing of cause for his failure to appeal the alleged defects in his indictment. Accordingly he has no Fifth Amendment claim for violation of due process.

As for Petitioner's argument that he has a Sixth Amendment claim under <u>Booker</u>, the Court also finds well-taken the government's position. Pursuant to Title 28 U.S.C. § 2255, a federal prisoner does have the ability to challenge his sentence; however, Title 28 U.S.C. § 2255, paragraph 6 (Section 105) of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), mandates that all motions for collateral relief be filed within a one-year period. This one-year period begins after either of four events commences: (1) "the date on which the judgment of conviction becomes final"; (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action"; (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (4) "the date on which the facts supported the claim or claims presented could have been discovered through the exercise of due diligence" 28 U.S.C. § 2255 (2005). Petitioner's motion is late under any of these four prongs, and the

4

Sixth Circuit has expressly declared the Booker rule is not to be applied retroactively to cases on collateral review. Humphress, 398 F.3d at 859.

Having reviewed this matter, the Court finds Petitioner's motion lacking in merit. Accordingly, the Court DENIES Petitioner's Motion to Vacate Sentence (doc. 26) and DISMISSES this case from the Court's docket. The Court DECLINES to issue a certificate of appealability because a jurist of reason would not find it debatable whether this Court is correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Finally, pursuant to 28 U.S.C. § 1915(a)(3), this Court CERTIFIES that any appeal of this Order will not be taken in good faith, and any application to appeal in forma pauperis will be denied.

SO ORDERED.

Dated: June 14, 2006          s/S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge

5